### Cates *versus* Noble & al.

In an affidavit to justify the arrest of joint debtors on *mesne* process, it is not necessary to allege the belief that *each one* of them is about to take property away. An allegation that *they* are about to do it, is sufficient.

A surety on a bond, given by one of the debtors to procure his release from such an arrest, is not competent as a witness for the defendants on the trial.

Exceptions from the District Court, Rice, J.

Assumpsit against two persons upon a note, on which was due $130. The plaintiff made affidavit of his belief that they were about to. depart and reside beyond the State, and to take with them property, &c. One of them was arrested and gave bond for his enlargement, as provided by R. S. chap. 148, sect. 17.

The bond was in the penal sum of $200. One Fowler was a surety. At the trial, Fowler being called as a witness for the defendant, was objected to and excluded, and the defendants excepted.

*Hutchinson,* for the defendants.

Fowler had no interest in the event of the suit. He was under no liability on the bond.

1. The arrest was unlawful; it was not justified by the plaintiff's affidavit. That did not allege any belief that the defendant, *who was arrested,* was about to take any property away. It only alleged a belief that *they,* the two defendants, were about to do so. The other defendant might have been

rich ; and the belief, expressed in the affidavit, therefore just, though *this* defendant was a pauper.

2. The bond was invalid, because not taken in double the sum for which he was arrested.   R. S. chap. 148, sect. 17.

*Lyon*, for the plaintiff.

PER CURIAM. — It is objected that the plaintiff's affidavit may refer to property owned wholly by one of the defendants. But such is not its obvious meaning, and we think the affidavit sufficient.

The witness was called to defeat the suit.   If he could do so, this bond would be harmless.   He was, therefore, interested in the event of the suit.   This is the reason which has often excluded bail, when offered as witnesses for their principals.

It is further urged that the bond was inoperative, because not taken in double the sum for which the defendant was arrested.   But, if not as a *statute*, yet as a *common law* bond, it has validity.

*Exceptions overruled.*